UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
BENISTAR 419 PLAN SERVICES, INC.,         *        08-4191
as sponsor of Benistar 419 Plan and Trust,*
                                          *
             Petitioner,                  *
                                          *        ORDER RE MOTION TO
      -vs-                                *        COMPEL TESTIMONY
                                          *        (DOC. 30)
UNITED STATES OF AMERICA,                 *
                                          *
             Respondent.                  *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Pending is Benistar's Motion to Compel Testimony or Quash Summons (Doc. 30). It was previously Ordered that the government had demonstrated the existence of a prima facie case for the *Powell* factors by submitting the affidavit of IRS agent Julie Hersh. *See* Amended Order, Doc. 28. In the same Order it was decided that the burden to disprove one or more of the *Powell* factors or to prove the existence of substantial countervailing policies or express statutory prohibition has shifted to Benistar. A hearing was scheduled to be held on January 14, 2009, to provide to Benistar the opportunity to disprove the *Powell* factors. Benistar and the government could not agree about the appearance of Julie Hersh at the hearing. Both parties asked for a postponement. On January 13, 2009, a telephone conference was held by the court with the lawyers for the parties. The hearing was rescheduled for February 18, 2009 (Doc. 31). The government was directed to file a brief stating its position and arguments by January 23. Benistar was directed to file its response by February 2. The parties have filed their briefs stating their positions and arguments. The briefs have been read and considered by the court.

In its brief (Doc. 33), the government argues: (1) that Benistar should have subpoenaed Julie Hersh, (2) that Benistar should have to compensate Julie Hersh for traveling to the district court in

Sioux Falls, South Dakota, pursuant to a subpoena, (3) that issue preclusion prevents Benistar from challenging issues already litigated, and (4) that Benistar seeks other information from Julie Hersh which is not relevant to disproving one or more of the *Powell* factors and not relevant to proving whether substantial countervailing policies exist to prevent enforcement of the summons.

In its reply (Doc. 34) Benistar argues: (1) that Agent Hersh will help Benistar establish the Government already has in its possession the Benistar documents which her summons seeks from Midland, and (2) that the documents her summons is seeking will not be useful to investigate income tax liabilities of Frank and Juanita Bellavia for the taxable year 2005.

The government has established a prima facie case to show the existence of the *Powell* factors through the affidavit of Julie Hersh. The burden to disprove one or more of the *Powell* factors has shifted to Benistar. The government cannot both use Julie Hersh to establish the *Powell* factors and prevent Benistar from cross examining her about the *Powell* factors. The right to cross examine is fundamental. *U.S. v. Hiken,* 458 F.2d 24, 26 (8th Cir. 1972). The right to cross examine has been described as a fundamental right in the context of a civil case as well. *Fleming v. Husted,* 164 F.2d 65 (8th Cir. 1947). The extent and scope of cross examination is decided by the court in its discretion. *Hiken* at 26. The Eighth Circuit Court of Appeals has observed about cross examination:

> The importance of cross-examination and confrontation in the trial context has been addressed numerous times. There are few subjects, perhaps, upon which [the Supreme] Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal. . . . Cross-examination is the principal means by which the believability of a witness and the truth of this testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e. discredit, the witness.

Whether the truth is shrouded deliberately, unconsciously, or because of bias, poor perception, or faulty memory, cross-examination can lift the veil.FN16 Without this tool we can have little confidence that any decision reached will be fair or reliable because we have no assurance that the truth will out.

> FN16. As one commentator notes: It is the experience of every court and every lawyer ... that cross-examination is the most powerful instrument known to the law in eliciting truth or in discovering error in statements made in chief, whether that error arise from mistaken judgment and careless observation and expression, or from a corrupt desire and intent to pervert the truth.

Hearsay testimony, which cannot be put to the fire of cross-examination, can hide biases, leave inconsistencies, provide false impressions, be mistranslated, exaggerated and distorted. How often is testimony which, when first delivered, appears conclusive and irrefragable, entirely frittered away by [cross-examination]-so much so, that a witness well sifted not infrequently proves more against than in favor of the party that produces him.

The right to be confronted with the witness, and to sift the truth out of a mingled mass of ignorance, prejudice, passion, and interest, in which it is very often hid, is among the very strongest bulwarks of justice.

*Belk v. Purkett* 15 F.3d 803, 812 -813 (8th Cir.1994)(internal citations and quotations omitted).

It is ORDERED that the Motion to Compel (Doc. 30) is GRANTED as follows: in the event the government wishes the affidavit of Julie Hersh to be continued to be considered by the court to establish the *Powell* factors, then the government shall make Julie Hersh available to Benistar for cross examination either at the February 18, 2009, hearing or at a deposition at a time and place agreed upon by the parties to be taken for use at the hearing.

Dated this 3rd day of February, 2009.

        BY THE COURT:

        s/John E. Simko
        _____
        John E. Simko
        United States Magistrate Judge